**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LUIS EMANUEL MORALES CAMACHO,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-05247-BAS-JLB

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)**

Petitioner Luis Emanuel Morales Camacho filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody. (ECF No. 6.) The Government does not oppose the request. (ECF No. 12.) Petitioner files a Traverse requesting additional restrictions on future detentions. (ECF No. 13.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released from immigration custody under the supervision of Immigration and Customs Enforcement ("ICE").

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. ANALYSIS

An Immigration Judge ordered Petitioner removed to Cuba on June 2, 2021. (ECF No. 8.) However, Petitioner remained released under ICE supervision presumably because removal to Cuba was not possible at the time. On July 6, 2026, Petitioner was re-detained. (*Id.*) Petitioner now argues that pursuant to *Zadvydas*, 533 U.S. 678, he should be released from custody.

The Government states that it is "unable to ascertain more sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future" under *Zadvydas*. (ECF No. 12.) Hence, the Government "acknowledges that Petitioner is entitled to be released from custody subject to conditions of supervision." (*Id.*)

Petitioner files a Traverse asking the Court to place additional restrictions on ICE's ability to detain him in the future. With one exception, the Court declines to adopt these restrictions. It is presumed that ICE will follow the law and the Constitution in any future re-detentions, and Petitioner may re-raise the issue if ICE fails to do so. However, the Court does order that, before Petitioner is removed to any country other than Cuba, he be given notice and an opportunity to be heard. Hence, the Court **GRANTS** the Amended Petition.

## III. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Luis Emanuel Morales Camacho be released from immigration custody forthwith subject to supervision under the standard conditions authorized by 8 U.S.C. § 1231(a)(3). In addition, DHS is ordered not to remove Petitioner to a third country without notice and a reasonable opportunity for Petitioner to be heard on his proposed removal to that country.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: October 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**